PER CURIAM.
This is an appeal from a final order of the Florida Board of Acupuncture which denied the petitioner Victor Chin’s application filed below with the said Board. We affirm the order appealed from to the extent that it denied Mr. Chin’s application for certification to practice acupuncture in Florida, but reverse the said order to the extent that it denied Mr. Chin’s application to retake solely section II of part III of the 1985 Florida acupuncture examination. We reach this result based on the following briefly stated legal analysis.
First, Mr. Chin’s sole challenge on appeal to the order under review is to that portion of the order which denied his application to retake the above-stated section of the 1985 Florida acupuncture examination. It therefore follows that the uncontested portion of the order which denied his application to be certified to practice acupuncture in Florida must be affirmed.
Second, Mr. Chin in 1982 passed all parts of the Florida acupuncture examination except the clinical/practical portion of the examination, which he failed. He was therefore entitled to retake only the above-stated section of the examination which he failed, to wit: the clinical/practical section, on two of the succeeding three Florida acupuncture examinations under Rule 21AA-3.05(3) of the Florida Administrative Code which provides:
“Notwithstanding the provisions of 457.-105, Florida Statutes, all candidates who took and failed any “portion of the August 1982 acupuncture examination and all candidates who applied to take the March 1983 acupuncture examination who were qualified but failed to take the examination because it was cancelled shall be entitled to retake only the comparable portion(s) at two of the subsequent three administrations. All other applications for examination filed before July 1, 1983, shall be null and void. An applicant shall be required to be reexamined on comparable part(s) as provided in 21AA-3.04 that he/she failed as provided in the August 1982 examination grade report.” (emphasis added)
Third, in accord with the above rule, Mr. Chin was allowed in 1984 to retake solely the clinical/practical section of the Florida acupuncture examination; he failed this reexamination. However, in violation of the above rule, Mr. Chin was not allowed in 1985 to retake solely the clinical/practical *95 section of Florida acupuncture examination for a second time. Instead, he was required to retake a section of the written examination which he had already passed, along with the above-stated clinical/practical section of the examination. This reexamination was therefore null and void, and Mr. Chin’s failing grades thereon should have been set aside.
Finally, under the above-stated rule, Mr. Chin should be allowed a second, and final, opportunity to take solely the clinical/practical section of the examination, which he originally failed in 1982. The Florida Board of Acupuncture therefore erred as a matter of law in refusing to so find, and its contrary conclusion and reasoning are rejected.[1]
The final order under review is affirmed insofar as it denied Mr. Chin’s application for certification to practice acupuncture in Florida. The final order under review is reversed insofar as it denied Mr. Chin’s application to retake solely the clinical/practical section of the Florida acupuncture examination [section II of part II of the 1985 examination], and the cause is remanded to the Florida Board of Acupuncture with directions to grant this application.
Affirmed in part; reversed in part and remanded.

. This interpretation of the subject rule is consistent with the Board’s own interpretation of the same rule in another case involving a similarly situated applicant. Griffis v. State of Fla., Dept. of Professional Regulation, Bd. of Acupuncture, no. 85-3855 (Bd. of Acupuncture, petition filed Nov. 8, 1985).